**14**

affidavit in the context of the lien statute was without purpose as no lien was established in Clay County because no real property owned by defendant was located there. Mr. Clay would have no reason to be alert to the danger of not requesting a hearing on the affidavit where he knew that he had no real property which would be affected by the action. The judgment of the trial court, granting summary judgment to Ms. Sisney, is reversed and case is remanded for further proceedings consistent with this opinion.

All concur.

Before TURNAGE, P.J., and KENNEDY and BERREY, JJ.

### ORDER

PER CURIAM:

Appeal from conviction and sentence for murder in the first degree, § 565.020, armed criminal action, § 571.015, and burglary in the first degree, § 569.160, RSMo 1986, and concurrent sentences of life imprisonment without probation or parole, life imprisonment, and 15 years imprisonment. Also appeal from judgment denying relief under Rule 29.15.

Judgments affirmed. Rules 84.16(b) and 30.25(b).

**STATE of Missouri, Respondent,**

v.

**J. Keith QUAKENBUSH, Appellant.**

**J. Keith QUAKENBUSH, Respondent,**

v.

**STATE of Missouri, Appellant.**

Nos. WD 42559, WD 44017 and WD 44174.

Missouri Court of Appeals, Western District.

Feb. 11, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1992.

Application to Transfer Denied June 2, 1992.

**Lorraine BARRERA, Respondent,**

v.

**INDIVIDUAL ASSURANCE COMPANY, Appellant–Respondent,**

and

**Clayco State Bank, Appellant.**

Nos. WD 44487, WD 44495.

Missouri Court of Appeals, Western District.

Feb. 11, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1992.

Application to Transfer Denied June 2, 1992.

David S. Durbin, Appellate Defender, Terri L. Backhus, Asst. Appellate Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

